IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID W. HORNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-07-894-M |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

### PROCEDURAL HISTORY

Plaintiff filed his application for DIB on March 10, 2005 alleging a disability since January 15, 2003 (TR. 17, 45-47). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 23, 24). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on November 8, 2006 (TR. 311-329). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 314-323). A vocational expert (VE) testified at the request of the ALJ (TR. 323-328). The ALJ issued his decision on December 28, 2006 finding that Plaintiff was not entitled to DIB (TR. 16-21). The Appeals Council denied the Plaintiff's request for review on July 17, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

**STANDARD OF REVIEW**

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 18). At step two, the ALJ concluded that Plaintiff's COPD, osteoarthritis, and hypertension were all severe impairments (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) as a sales representative (TR. 21). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 21).

On appeal to this Court, Plaintiff alleges that the ALJ erred by improperly rejecting the opinions of Plaintiff's treating physician, James H. Anderson, D.O.; and that the ALJ further erred in his step four analysis.

Plaintiff first argues that the ALJ failed to evaluate the medical evidence properly (See Plaintiff's Brief at pages 6-17).  Specifically, Plaintiff contends that the ALJ improperly rejected the opinions of Plaintiff's treating physician, Dr. Anderson, who concluded in a functional capacity questionnaire dated September 15, 2006 that Plaintiff often experienced pain or other symptoms severe enough to interfere with attention and concentration; and that Plaintiff when placed in a competitive work environment could walk only 100-150 feet without rest (TR. 290-291). Dr. Anderson also concluded that Plaintiff could continuously sit or stand no more than 20 minutes at a time; that Plaintiff could sit or stand/walk less than 2 hours in an 8 hour workday; and that Plaintiff must elevate his leg 10 degrees at least 70% of the time (TR. 291). Dr. Anderson further concluded that Plaintiff, during an 8 hour workday, could bend or twist only 2% of the time; that Plaintiff could use his hands, fingers, and arms only 10% of the time; and that, on average, Plaintiff's impairments would require him to be absent from work more than three times a month (TR. 292).  Lastly, Dr. Anderson found that Plaintiff could only occasionally lift and carry in a competitive work situation a weight of less than 10 pounds; and that Plaintiff's impairments required him to avoid all exposure to extreme cold, extreme heat, high humidity, fumes, odors, dusts, gases, perfumes, cigarette smoke , soldering fluxes, solvents/cleaners, and chemicals (TR. 292-293).  Dr. Anderson diagnosed Plaintiff as having COPD, hypertension, and osteoarthritis with clinical and objective signs including, decreased breath sounds, increased chest diameter, and abnormal pulmonary function tests (TR. 289).  Dr. Anderson found that Plaintiff would have difficulty working at a regular full time job on a sustained basis (TR. 293).

If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  In *Goatcher v.*

*United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided a selective review of the medical evidence (TR. 19-20). As to Dr. Anderson, the ALJ appears to have ignored without explanation Dr. Anderson's opinion that Plaintiff's pain or other symptoms were severe enough to interfere with attention and concentration; that Plaintiff must elevate his leg 10 degrees at least 70% of the time; that Plaintiff, during an 8 hour workday, could bend or twist only 2% of the time; and that Plaintiff could use his hands, fingers, and arms only 10% of the time (TR. 20, 291-292).

Thus, it appears that the ALJ improperly ignored and/or rejected these opinions of Plaintiff's treating physician, Dr. Anderson. On remand, the Commissioner should re-evaluate these opinions and if these opinions are rejected, then the ALJ must set forth in the decision specific, legitimate reasons for doing so. The ALJ's error in evaluating the medical evidence served to taint his RFC findings at step four, therefore, Plaintiff's remaining arguments on appeal will not be considered.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative**

**proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 2nd day of September, 2008.

*/s/ Shon T. Erwin*
_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE